# UNITED STATES DISTRICT COURT

**for**

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**U.S.A. vs. Russell Biathrow**                                    **Docket No. 5:08-CR-239-1BO**

### Petition for Action on Supervised Release

COMES NOW Timothy L. Gupton, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Russell Biathrow, who, upon an earlier plea of guilty to 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B): Receipt of Child Pornography and Possession of Child Pornography, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on January 6, 2009, to the custody of the Bureau of Prisons for a term of 100 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for life under the standard conditions adopted by the court and the following additional conditions:

1.      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

Russell Biathrow is currently incarcerated in the Bureau of Prisons with a projected release date of August 9, 2015. Upon his release, he plans to reside in the District of Vermont.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Upon release from the Bureau of Prisons, the District of Vermont has agreed to supervise this defendant, contingent upon the modification of his supervised release conditions. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1)      The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph examinations, as directed by the probation officer. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2)      The defendant shall register as a sex offender in any state where the defendant resides, is employed, performs volunteer service, carries on a vocation, or is a student, as required by law.

3) The defendant shall provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.

4) The defendant shall provide the probation officer with a complete and current inventory of the number of computers used by the defendant along with a monthly log of computer access.

5) The defendant shall not use a computer device that has Internet access until a Computer Use Plan is developed and approved by his treatment provider and/or probation officer. Such plan, at a minimum, must require the defendant to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by the defendant.

6) The defendant shall not access any computer that utilizes any "cleaning" or "wiping" software programs.

7) The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.

8) The defendant shall not possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

9) The defendant shall not associate or have contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background, and who has been approved in advance by the probation officer. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

10) The defendant shall avoid and is prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, or recreation parks, unless prior approval has been obtained from the probation office.

11) The defendant shall allow, at the direction of the probation officer and at the defendant's expense, the installation of monitoring hardware or software to monitor the defendant's use of computer systems, internet-capable devices and/or similar electronic devices under the defendant's control.

12) The defendant may not use sexually oriented telephone numbers or services.

13) The defendant shall have no contact, directly or through a third party, with the victim(s) in this case. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

14) The defendant shall submit their person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection. The defendant shall inform other residents of this condition. Failure to submit to a search may be grounds for revocation.

15) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment. The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/Michael C. Brittain
Michael C. Brittain
Senior U.S. Probation Officer

/s/Timothy L. Gupton
Timothy L. Gupton
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: (919) 861-8660
Executed On: May 5, 2014

**Russell Biathrow**
**Docket No. 5:08-CR-239-1BO**
**Petition For Action**
**Page 4**

## ORDER OF COURT

Considered and ordered this _____ day of _____, 2014, and ordered filed and made a part of the records in the above case.

_____
Terrence W. Boyle
U.S. District Judge